IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT WASHINGTON,**<br>    Plaintiff<br><br>    v.<br><br>**MARY LOU SHOWALTER,**<br>    **ET AL.,**<br>       Defendants | No. 3:07cv1159<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss plaintiff's complaint in this prisoner civil rights action. The matter has been briefed and is ripe for disposition.

**Background**

At all relevant times, Plaintiff Robert Washington was incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"). Plaintiff asserts that as a result of being placed in solitary confinement at the prison, he suffers from hallucinations which tell him to hurt himself and others. (Doc. 1, Compl. at ¶ 4). He has tried to commit suicide several times and suffers from suicide ideation. (Id. ¶ 5). He further avers that the prison continually places him in circumstances that lead to him to attempt to commit suicide. (Id. at ¶ 6). Plaintiff claims that the defendants are purposely failing to provide him with proper mental health medical assistance, thus depriving him of the rights guaranteed by the Constitution and the laws of the United States. (Id. at ¶ 7). He also states that the defendants prevent him from receiving proper mental health treatment by failing to recommend him to a more appropriate facility with mental health treatment. (Id. at ¶ 8).

Based on these allegations the plaintiff filed the instant civil rights action. The defendants are: Chief Grievance Officer Kristen Reisinger,

Superintendent David J. Wakefield, Deputy Superintendent Michael Harlow, Deputy Superintendent Raymond Lawler, Classification Manager Brian Corbin, Health Care Administrator Mary Lou Showalter and Unit Manager Joseph Keller.  The defendants have filed a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants' motion raises the following three issues: 1) Does the Eleventh Amendment bar plaintiffs' complaint against the individual defendants in their official capacities?  2) Has plaintiff alleged facts sufficient to permit a finding that defendants were deliberately indifferent to a serious medical health condition? 3) Does plaintiff fail to state a claim

against Defendants Wakefield, Reisinger, Harlow, Lawler, Corbin, and Keller, specifically where plaintiff fails to allege any personal involvement by these defendants? We will discuss these issues separately.

**1. Eleventh Amendment and the individual defendants**

Defendants first argument is that the claims against the defendants in their official capacities is barred by the Eleventh Amendment. After a careful review, we agree.

Under Eleventh Amendment law: " a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir.2000). Section 1983 does not abrogate Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 345 (1979). In other words, the Eleventh Amendment prohibits a lawsuit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir.1990). The Eleventh Amendment is not a bar to suit against state officials in their personal capacities. Id. Accordingly, the plaintiff's claims against the defendants in their official capacities will be dismissed.

**2. Deliberate indifference**

Defendants next argue that plaintiff fails to state a claim against the defendant because he fails to allege facts sufficient to permit a finding that defendants were deliberately indifferent to a serious mental health condition.

3

In order to state a claim for deliberate indifference to a serious medical need, a plaintiff must plead: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Fac., 318 F.3d 575, 582 (3d Cir.2003). Deliberate indifference is established where "the official 'knows of and disregards an excessive risk to inmate health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The prison official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must also "draw the inference." Id.

Defendants argue that these standards are not met because the exhibits attached to plaintiff's complaint establish that he received treatment for his mental condition by licensed mental health professionals. We disagree. Plaintiff has attached exhibits to his complaint to establish that he has exhausted his administrative remedies before filing suit. In support of its motion to dismiss, defendant relies on a statement in a response to his grievance where one of the instant defendants, Mary Lou Showalter. She states that plaintiff is "being followed by the psychiatrist on a routine basis . . . receiving medications prescribed . . . and [being] sent to the Mental Health Unit as need." (Doc. 1, Compl. Ex. A, p 3). In determining a motion to dismiss, we cannot rely on statements made by a defendant in response to a grievance to negate allegations made in the plaintiff's complaint.[1] Plaintiff asserts that the defendants have been

---

[1] Defendant also cites to exhibit b to plaintiff's complaint which contains a "Program Review Committee's Decision and Its Rationale," which is a review of plaintiff's mental health treatment at the prison. It

4

deliberately indifferent to his serious medical needs.  We cannot dismiss the case at this juncture merely by referring to the response the prison provided when he made these accusations in the grievance procedures.

**3.  Personal involvement**

The final issue defendants raise is whether plaintiff has stated a claim against Defendants Wakefield, Reisinger, Harlow, Lawler, Corbin and Keller if he fails to allege any personal involvement by these defendants.

A section 1983 claim cannot be premised on *respondeat superior*.  In other words, a plaintiff must allege the personal involvement of each defendant.  Roder v. Delarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Such involvement may be established through: 1) personal direction or actual participation by the defendant in the misconduct; 2) knowledge of and acquiescence in the misconduct.  Id.

In the instant case, plaintiff makes no allegations of personal involvement of Unit Manager Keller.  He is merely mentioned in the caption of the complaint.  Therefore, he shall be dismissed from this action.

Chief Grievance Officer Kristen Reisinger and Superintendent David J. Wakefield are not mentioned in the complaint, but only in the exhibits to the complaint which indicate that they had a role in reviewing plaintiff's grievances.   Merely being involved in the grievance procedure does not provide sufficient involvement to hold a prison official liable under section 1983.  See, e.g., Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir.

---

would also be inappropriate for the court to make factual determinations at this early stage of the proceedings based upon this document. (Doc. 1, Compl. Ex. B.)

2005) (finding that dismissal of defendants was appropriate where their only involvement was in post-incident grievance procedure).

Likewise, the complaint further makes no mention of Defendants Harlow, Lawler and Corbin.  From the defendant's exhibits it appears that these defendants were a part of the Commonwealth of Pennsylvania Department of Corrections Program Review Committee, which, like the grievance committee, reviewed plaintiff's situation.  As with the officials involved with plaintiff's grievances, these defendants do not have sufficient personal involvement in plaintiff's alleged deprivation to be held liable.  We note that our decision is bolstered by the fact that the plaintiff's brief in opposition to the motion to dismiss does not address defendants' argument that these defendants should be dismissed.

Also pending before the court is plaintiff's motion to appoint counsel. We denied a similar motion on November 9, 2007.  The plaintiff's situation has not changed since that time and the motion will be denied for the reasons set forth in our order of November 9, 2007.  (Doc. 15).

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted in part and denied in part.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT WASHINGTON,** | : | No. 3:07cv1159 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **MARY LOU SHOWALTER, ET AL.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 18th day of September 2008, the defendants' motion to dismiss (Doc. 18) is **GRANTED** as to official capacity claims against all the defendants and **GRANTED** fully with regard to the following defendants: Keller, Wakefield, Reisinger, Harlow, Lawler and Corbin. The motion is **DENIED** in all other respects.[2]

The plaintiff's motion for appointment of counsel (Doc. 22) is **DENIED**.

                                              **BY THE COURT:**

                                              **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

---

[2] Due to our disposition of the motion to dismiss, it appears that the sole remaining defendant is Mary Lou Showalter.